
United States District Court
Southern District of Texas
**ENTERED**
September 15, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-17-516 |
| | § | |
| RAYMOND DEMOND PACE | § | |
| | § | |
| | § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

### Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)    The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

          [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

          [ ]    an offense for which the maximum sentence is life imprisonment or death.

          [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

          [ ]    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    [ ] (2)    The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)    A period of not more than five years has elapsed since the (date of conviction)

(release of the defendant from imprisonment) for the offense described in finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ] B. Findings of Fact [18 U.S.C. § 3142(e)]

[ ] (1) There is probable cause to believe that the defendant has committed an offense

    [ ] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

    [ ] under 18 U.S.C. § 924(c).

[ ] (2) The defendant has not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[x] C. Findings of Fact [18 U.S.C. § 3142(f)(2)]

[ ] (1)

[x] (2) There is a serious risk that the defendant will flee.

[ ] (3)

[ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x] D. Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1) As a condition of release of the defendant, bond was set as follows:
Defendant has stated that he is financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendant. I find that the amount of bond is reasonable and necessary.

[ ] (2)

[x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[ ] (4)

[ ] (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:**
Raymond Demond Pace has been charged by Indictment in the United States District Court for the Southern District of Texas, Houston division with aiding and abetting credit union robbery in violation of 18 U.S.C. 2113(a)(d) and 2 (Count One) and aiding and abetting use of a firearm during the commission of a violent crime in violation of 18 U.S.C. 924(c)(1)(A)(ii) and 2 (Count Two).
**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**
Raymond Demond Pace was advised of his right to an immediate federal detention hearing, including the right to present evidence, call witnesses, cross-examine the government's witnesses, proffer testimony, and assert reasons why he should not be detained by federal authorities, but elected to waive the right to said detention hearing. His employment is unstable. His criminal history includes a felony conviction for unauthorized use of vehicle. He was sentenced to 5 years probation. His probation was revoked in 2016. This demonstrates an unwillingness or inability to comply with standard bail conditions. He has felony charges pending in state court. The Court concludes that there is a substantial risk of flight in this matter. Accordingly, having determined that there are no standard conditions of release to assure the appearance of the Defendant at all future court proceedings in this matter, the Court ORDERS that Defendant Raymond Demond Pace be DETAINED pending further proceedings in this matter.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 13th day of September 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE